**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWIN RAMOS, | : | Civil No. 1:26-CV-01861 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN F. GARZA, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Edwin Ramos ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging the Bureau of Prisons' ("BOP") calculation of his pretrial custody time credit. (Doc. 1.) Petitioner did not exhaustion his administrative remedies prior to filing the petition in this court. Therefore, the petition will be dismissed.

## PROCEDURAL HISTORY

Petitioner is currently housed in the United States Penitentiary Canaan ("USP-Canaan") in Waymart, Pennsylvania. (Doc. 1.) The court received and docketed Petitioner's habeas corpus action under 28 U.S.C. § 2241 on July 6, 2026. (*Id.*) Petitioner alleges that the BOP has not credited him for the time spent in pre-trial custody at FDC-Philadelphia. (Doc. 1.)

On July 6, 2026, the court issued an administrative order directing Petitioner to pay the requisite filing fee or submit an application to proceed *in forma*

*pauperis*. (Doc. 3.) On July 17, 2026, the court received the requisite filing fee. That same day, the court entered an order serving the petition on Respondents. (Doc. 4.) Respondents filed a responsive brief on August 7, 2026. (Doc. 7.) Petitioner has not filed a traverse.

## VENUE

A Section 2241petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at USP-Canaan in Wayne County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

Before it can address the merits of the petition, the court will determine whether Petitioner exhausted his administrative remedies prior to filing the petition in this action. While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing

the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id.* at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id.* at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See* 28 C.F.R. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See* 28

C.F.R. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *See* 28 C.F.R. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See* 28 C.F.R. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

Respondents have submitted evidence that Petitioner has filed one request for administrative remedy and one appeal while in BOP custody. (Doc. 7-4.) Petitioner filed a Request for Administrative Remedy No. 1277948-F1 requesting credit for time served. (*Id*.) This request was denied on May 20, 2026. (*Id*.) Petitioner then appealed this denial on June 16, 2026 under Request for Administrative Remedy No. 1277948-R1. (*Id*.) The appeal was denied on June 24, 2026 because pages three and four of the BP-10 form were illegible and the filing contained too many continuation pages. (*Id*.) Petitioner has not re-filed his appeal with the Regional Director. (Doc. 7-2.) Likewise, Petitioner has not appealed the denial to BOP's Central Office. (*Id*.) Therefore, Petitioner has not exhausted the BOP's administrative remedy requirements.

Turning to the petition, the court notes that Petitioner makes no argument that he is somehow excused from the exhaustion requirement. (Doc. 1.) Instead,

Petitioner appears to assert that he has met the requirements of administrative exhaustion. He states that on April 20, 2026, he attempted informal resolution at the institution of confinement and directs the court to "See attachments." (*Id.*) Attached is a BOP form titled "Attempt at Informal Resolution," and a response dated April 24, 2026 detailing the reason for the denial. (Doc. 1-1.) Petitioner also attaches a Request for Administrative Remedy dated April 24, 2026 and the May 20, 2026 denial. (*Id.*)

Nothing contained in the petition demonstrates that exhaustion is not required. *See Rose*, 455 U.S. 509, 516 n.7; *Schandelmeier*, 819 F.2d at 53; *Bradshaw*, 682 F.2d at 1052. Therefore, the court finds that Petitioner did not exhaust his administrative remedies and will dismiss the petition without prejudice.

## CONCLUSION

For the above-stated reasons, the court will dismiss the petition without prejudice and close the case. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 26, 2026